**John M. JEWELL, Petitioner,**

**v.**

**UNITED STATES of America, Respondent.**

**No. 97-CV-30089-MAP.**

United States District Court, D. Massachusetts.

Oct. 29, 1997.

[redacted]

[redacted]

[redacted]

[redacted]

---

John M. Jewell, Raybrook, NY, pro se.

Andrew Levchuk, U.S. Attorney's Office, Springfield, MA, for U.S.

*MEMORANDUM REGARDING PETITIONER'S MOTION TO VACATE SENTENCE UNDER 28 U.S.C. § 2255*

PONSOR, District Judge.

*I. INTRODUCTION*

*Pro se* petitioner John M. Jewell seeks relief under 28 U.S.C. § 2255 on the ground that he was denied effective assistance of counsel during his October 1994 sentencing in this court for violations of 18 U.S.C. § 922(g)(1) (possession of a firearm by a previously convicted felon) and 18 U.S.C. § 922(j) (receipt of a stolen firearm). Under the Sentencing Guidelines, Jewell could have received 84 to 105 months' imprisonment for his convictions. However, several prior violent felonies and one prior serious drug offense triggered enhanced penalties under the Armed Career Criminal Act, 18 U.S.C. § 924(e), ("ACCA"), and resulted in a mandatory fifteen-year sentence for Jewell on his felon-in-possession conviction.

In his motion to vacate, Jewell argues that, under 18 U.S.C. § 921(a)(20), his 1969–1979 convictions should have been excluded from consideration as predicate offenses for purposes of sentence enhancement under the ACCA, as his civil rights had been restored with respect to these prior convictions. Jewell contends that he was denied effective assistance of counsel because his court appointed attorney failed to attack the use of these prior convictions on these grounds.

The Government maintains that Jewell's prior convictions remained valid for purposes of sentence enhancement under § 924(e), and that there was no issue for Jewell's attorney to argue.

For the reasons set forth below, petitioner's motion will be denied.

*II. BACKGROUND*

In November 1992, Pittsfield police officers executed a state search warrant at the residence of Jewell and his girlfriend, Brandee Richards. During the search, police found and seized crack cocaine, cocaine processing paraphernalia, and a Ruger .22 caliber revolver. The Ruger was discovered beneath Jewell's side of the bed mattress, along with two bags of crack cocaine, a bag of marijuana, and $473.00 in cash. The handgun, which had been given to Jewell by Government witness Wesley Parsley in exchange for crack cocaine, had been stolen by Parsley three months earlier. Jewell was sentenced

in state court to two years' imprisonment on the cocaine charges. He was later convicted by a jury on two federal charges (possession of a firearm by a felon and receipt of a stolen firearm) and acquitted on a third (use of a firearm in connection with a drug trafficking crime).

In October 1994, this court sentenced Jewell to a total of fifteen years' imprisonment and four years' supervised release pursuant to the ACCA, 18 U.S.C. § 924(e). That statute mandates a fifteen-year minimum sentence for any person who violates 18 U.S.C. § 922(g)(1) (possession of a firearm by a felon) and who has at least three prior convictions for violent felonies or serious drug offenses. Jewell had prior Massachusetts felony convictions for assault and battery in 1967, breaking and entering in 1968, armed robbery in 1974, armed robbery in 1979, assault and battery with a dangerous weapon in 1991, and distribution of a Class B substance (arising from the events related to this case) in 1992.

## III. DISCUSSION

### A. Restoration of Civil Rights Under 18 U.S.C. § 921(a)(20)

Jewell vigorously objects to the enhancement of his sentence under § 924(e), arguing that the passage of time restored his civil rights under Massachusetts law with respect to his 1967–1979 convictions, such that they should have been excluded from consideration as predicate offenses under the ACCA.

As stated above, 18 U.S.C. § 924(e) mandates a fifteen-year minimum sentence for any person who violates § 922(g)(1) and who has three previous convictions for violent felonies or serious drug offenses. In determining whether the person has the qualifying convictions on his record, prior convictions for which a person has had his or her "civil rights restored" are excluded from consideration, 18 U.S.C. § 921(a)(20), "*unless* such . . . restoration of civil rights expressly provides that the person may not ship, transport, possess or receive firearms." *Id.* (emphasis supplied).

Whether an ex-felon's civil rights have been restored is governed by the law of the convicting jurisdiction. *Id.; see also Beecham v. United States*, 511 U.S. 368, 371, 114 S.Ct. 1669, 1671, 128 L.Ed.2d 383 (1994). In Jewell's case, Massachusetts law governs his prior state convictions.

In the First Circuit, to meet the test of § 921(a)(20), each of the three core "civil rights"—the rights to vote, to hold public office, and to serve on a jury—must be substantially, but not perfectly, restored. *United States v. Estrella*, 104 F.3d 3, 6 (1st Cir.1997).

Unfortunately for Jewell, however, even if his civil rights had been substantially restored under Massachusetts law with respect to his 1969–1979 convictions, his argument that such convictions do not count as predicate offenses for purposes of the ACCA fails. The First Circuit recently has held that Massachusetts law "materially restricts an ex-felon's right to carry and traffic in firearms regardless of the passage of time," *United States v. Alston*, 112 F.3d 32, 37 (1st Cir. 1997), triggering the "unless" exception to the provision Jewell relies upon as restoring his civil rights. *See* 18 U.S.C. § 921(a)(20); *Alston*, 112 F.3d at 37–38; *Estrella*, 104 F.3d at 8.

The application of law to Jewell's claims would be straightforward but for one disconcerting factor that bears mentioning. In October 1994, when Jewell was sentenced, the interpretations of Massachusetts law provided by *Estrella* and *Alston* did not exist. Thus, the law at that time was unclear with respect to what Massachusetts required to restore an ex-felon's civil rights, and to what extent Massachusetts law, interpreted "as a whole," *see Estrella*, 104 F.3d at 7, imposed substantive restrictions on an ex-felon's firearms rights.

Given the lack of clarity that existed in 1994 with respect to these provisions, it is true that a more vigorous advocate might have raised at least a colorable claim that Jewell's civil rights had been restored with respect to his earlier convictions and that those prior convictions should not have been counted as predicate offenses under the ACCA. Now it is clear, however, that Jewell's claim collapses under the weight of the sub-

sequent clarification provided by *Estrella* and *Alston.*

### B. *Ineffective Assistance of Counsel*

The collapse of Jewell's "restoration" argument necessarily defeats his ineffective assistance of counsel claim. Under *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), a convicted defendant must show, first, that his counsel's performance was deficient and, second, that the deficient performance prejudiced the defense. *Id.* at 687, 104 S.Ct. at 2064; *see also Lockhart v. Fretwell,* 506 U.S. 364, 368–69, 113 S.Ct. 838, 842, 122 L.Ed.2d 180 (1993). The "prejudice" component of the *Strickland* test focuses on "whether counsel's deficient performance renders the result of the [sentencing] unreliable or the proceeding fundamentally unfair." *Lockhart,* 506 U.S. at 371–72, 113 S.Ct. at 844. "Unreliability or unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him." *Id.*

As discussed above, it is not clear that Jewell was not entitled to have his prior convictions excluded from consideration under the ACCA. Thus, even assuming that his counsel's performance was deficient, Jewell suffered no prejudice, and therefore he was not denied effective assistance of counsel. *See id.*

### IV. *CONCLUSION*

While Jewell's fifteen-year sentence seems harsh under the circumstances, this court is bound by the recent First Circuit interpretations found in *Estrella* and *Alston* and by the Congressional mandate of the Armed Career Criminal Act. Having carefully reviewed petitioner's motion to vacate his sentence, this court must conclude that the grounds for relief offered in the motion are insupportable. The motion will be DENIED and the case ordered dismissed.